Steve Martonick
SNYDER & MARTONICK
LAW OFFICES, P.S.
155 S.E. Kamiaken
Pullman, WA 99163
509 334-4808

THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

KYLE STIFFARM,

      Plaintiff,

vs.

CITY OF PULLMAN POLICE
DEPARTMENT and ANDREW WILSON

      Defendants.

No.: CV-04-0414-EFS

PLAINTIFF STIFFARM'S
MOTION TO COMPEL DISCOVERY
WITH SUPPORTING ARGUMENT
AND AUTHORITY

HEARING DATE: April 17, 2006

    1.   Identity of Moving Party.

    Kyle Stiffarm, Plaintiff.

    2.   Statement of Relief Sought.

    The Plaintiff requests that the Defendant be required to fully and completely respond to properly propounded interrogatories and requests for documents pursuant to FRCP 26 and 37. Specifically, Plaintiff requests that the City of Pullman supply fully responsive answers to Interrogatories 4, 5, 6, & 7 contained in the Plaintiff's Second Interrogatories and Requests for Production and produce the documents requested in response to Request for Production No. 3 in the same.

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

3.  Facts Relevant to Motion.

Plaintiff, Kyle Stiffarm, brings a 42 U.S.C. 1983 action against the City of Pullman and police officer Andrew Wilson. Stiffarm asserts that the actions of Wilson and the City deprived him of his constitutional rights as protected by the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. Stiffarm also brings ancillary state law claims alleging false arrest, false imprisonment, assault, and malicious prosecution.

The Plaintiff's Second Interrogatories and Requests for Production were mailed November 29, 2005 to the Defendant City of Pullman. The City provided Answers dated February 2, 2006.[1] The Defendant City of Pullman has refused to provide discovery propounded to it in response to request for production number 3 which states: "Produce all job performance reviews and evaluations for Andrew Wilson." (Declaration of Martonick, Exhibit A.) The City, in claiming that the performance reviews and evaluations of Andrew Wilson are exempt under the Washington State Public Records Act, made the following response:

> Objection. Performance evaluations and reviews of Andrew Wilson are exempt from disclosure under RCW 42.17.310(1)(b) and RCW 42.17.255. Also, see, *Dawson v. Daley*, 120 Wn.2d 782 (1993), and *Brown v. Seattle Public Schools*, 71 Wn. App. 613 (1993).

(Declaration of Martonick, Exhibit A.) In addition, the City has provided non-responsive answers to the following written interrogatories:

> Interrogatory #5: State whether the Pullman Police Department has in place policies or procedures for reviewing or evaluating arrests by its' police officers for the existence or lack of probable cause to make the arrests and if so what those policy and procedure are.

---

[1] Although the City's Answers were made more than 30 days after the requests, the Plaintiff's attorney had granted an extension of time for the City to make its replies.

PLAINTIFF STIFFARM'S
   MOTION TO COMPEL  - 2

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

Answer: Objection, this interrogatory is vague and ambiguous. Without waiving said objections, all Pullman officers are required to establish probable cause before making arrest. [citation to Policy manual omitted.] In addition, citations are reviewed by the Whitman County Prosecuting Attorney for this issue.

Interrogatory #6: State whether the Pullman Police Department has in place policies or procedures for reviewing or evaluating arrests by its' police officers for excessive use of force in the conduct of arrests and if so what those policy and procedure are.

Answer: Objection, vague and ambiguous. Without waiving these objections, the Pullman Police Department Policy Manual has an entire chapter – Chapter 10 – describing the appropriate use of force by officers. [citation omitted.] It is the Department's policy that "members shall use only the minimum amount of force necessary to effect the lawful purpose intended." [citation omitted.] In addition to this, members of the pubic who believed that they have been subjected to excessive force may file a complaint with the police department. [citation omitted.]

Interrogatory #7: State whether the Pullman Police Department has in place policies or procedures for reviewing or evaluating arrests by its' police officers for ethnic or racial animus or bias in the conduct of arrests and if so what those policy and procedure are.

Answer: Objection, vague and ambiguous. Without waiving these objections, racial discrimination is specifically prohibited by the Pullman Police Department. "Members of the Department shall not discriminate against any person because of the person's nationality, race, color creed, sex, sexual preference or religious beliefs." [citation omitted.] In addition to this, members of the public who believe they have been subjected to racial animus or bias may file a complaint with the police department. [citation omitted.]

Interrogatory #4: State whether the Pullman Police Department has in place policies or procedures for reviewing or evaluating citations issued by its' police officers for sufficiency of the charging language and accuracy of statutory citations and if so what those policies or procedures are.

Answer: Objection, vague and ambiguous. Without waiving said objections, Pullman Police Department Policies and Procedures Manual (Policy Manual), Chapter 13 is a 40-page section governing Reports, Records and Department Information. [citation omitted.] Specifically all officers "are required to accurately complete all required reports and forms." [citation omitted.] In addition, members are required to "complete all reports in a truthful, accurate, legible manner and submit them through proper channels immediately upon completion." [citation omitted.]

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

(Declaration of Martonick, Exhibit. A.)

The City claims that the foregoing answers are in fact responsive. (Declaration of Martonick, Exhibit C.)

4. Grounds for Relief and Argument.

Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil actions of any relevant matter not privileged. Relevant matter has been construed very broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947). "The question of relevancy is to be more loosely construed at the discovery stage than at trial." *Id.* Under the liberal discovery rules, the party who resists discovery bears the burden of showing that discovery should not be allowed. *See, e.g., Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## A. THE DEFENDANT CITY OF PULLMAN SHOULD BE REQUIRED TO PROVIDE ANDREW WILSON'S JOB PERFORMANCE REVIEWS AND EVALUATIONS.

i. State law privileges do not apply to a federal cause of action.

The defendant objects to production of the requested records on the basis of the Washington State Public Records Act. (Declaration of Martonick, Exhibit A.) Nonetheless: "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *also see* FRE 501, and cases cited in the annotation.

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

In *Agster*, a suspect died while in police custody. *See id.* at 837. Corrections personnel undertook a "mortality review" pursuant to local and federal policies. *See id.* at 838. "The review was intended to be, and was, kept confidential." *Id.* at 838. Parents of the deceased brought a civil rights action against the responsible police agency. *See id.* at 837. They sought discovery of the "mortality review." *See id.* at 838. The defendants opposed the request on the basis of state law. *See id.* The district court overruled the claim of privilege and ordered the production of the document. *See id.* The Ninth Circuit sustained the trial judge on the basis the federal law of privilege applied and that no federal privilege protected the requested records. *See id.* at 839.

Like the request for the report in *Agster*, this case involves federal civil rights claims and pendent state law claims. The defendant has asserted no federal privilege that would protect it from disclosing the job reviews and evaluations requested. Therefore, the Defendant City of Pullman should be required to disclose the requested material.

ii.  The Washington State Public Records Act does not prevent disclosure of the requested material.

The City objects to production of "job performance reviews and evaluations for Andrew Wilson" on the basis that RCW 42.17.310(1)(b), RCW 42.17.255, *Dawson v. Daley*, 120 Wn.2d 782 (1993), and *Brown v. Seattle Public Schools*, 71 Wn. App. 613 (1993) create a privilege in the contested material.  (Declaration of Martonick, Exhibit A.)  The cited portions of the statutes provide:

 (1) The following are exempt from *public* inspection and copying . . .
 (b) Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy.

RCW 42.17.310 (emphasis added).

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

A person's "right to privacy," "right of privacy," "privacy," or "personal privacy," as these terms are used in this chapter, is invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public. The provisions of this chapter dealing with the right to privacy in certain public records *do not create any right of privacy beyond those rights that are specified in this chapter* as express exemptions from the public's right to inspect, examine, or copy public records.

RCW 42.17.255 (emphasis added.)

A plain reading of the foregoing provisions indicates that any privilege created by the statute applies only to situations governed by the chapter, i.e. the Public Records Act. The privilege or "exemption" created relates to the "*public's right* to inspect, examine, or copy public records" and no more. The right of privacy created in certain pubic records does not apply by the terms of the statue to discovery in civil litigation.

The *Daley* case relied on by the defendant simply states that "[r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts" are exempt from disclosure under the public records act. 120 Wn.2d at 789-90. In *Daley*, the issue was one of a party attempting to obtain work product concerning existing litigation. *See id.* at 786-87. *Daley* does not attempt to establish a rule of discovery, but merely expounds on the scope of the public records act. *Brown* just says that certain personnel records may be exempt from disclosure under the act. *See* 71 Wn. App. at 617. *Brown* does not discuss the scope of discovery pursuant to litigation. Generally, when the Legislature wishes to create a privilege applicable to litigation it does so directly and leaves little doubt about the scope of the privilege. *See, e.g.*, RCW 5.60.060 (spousal privilege); RCW 5.60.072 (mediation privilege); RCW 5.62.020 (nurse privilege); and RCW 5.66.010 (admissibility of sympathetic gestures).

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

A case more analogous to the present than facts, than *Brown* or *Daley,* is *Barfield v. City of Seattle*, 100 Wn.2d 878 (1984). In *Barfield*, the Supreme Court held that the police department's internal investigation files were not exempt from disclosure under RCW 42.17.310(1)(d) for discovery purposes in active litigation, where plaintiffs alleged, among other things, tortious conduct by police officers. *See id.* at 883-84. The *Barfield* Court rejected the City's argument that such disclosure would inhibit both effective law enforcement and the confidential reporting of complaints. *See id.* In doing so, the Supreme Court emphasized that courts have the power to use protective orders to minimize the potential harms of disclosure. *See id.* at 885.

The Public Records Act, by its own terms, does not create a privilege against discovery in civil litigation. But even if the Act does create a limited privilege, *Barfield* indicates that the concerns addressed by the Act can be resolved by the use of protective orders. In the present case, a stipulated protective order was entered on January 30, 2006 regarding the City's responses to the second set of interrogatories and requests for production. (Doc. No. 43, filed and entered January 30. 2006.) The protective order would adequately minimize any potential harm of further disclosure.

## B. THE DEFENDANT CITY OF PULLMAN SHOULD BE REQUIRED TO SUPPLY RESPONSIVE ANSWERS TO CLEAR QUESTIONS.

"[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond." FRCP 37(a)(3). The Defendant City of Pullman's answers to four interrogatories are evasive and incomplete, i.e. Nos. 4,5,6, & 7. In those interrogatories Plaintiff requested information regarding Pullman Police Department "policies or procedures for reviewing or evaluating" charging language in citations, probable cause for arrests, use of force, and potentially racist acts. In other words, Plaintiff was requesting what kind of "after the fact"

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808

procedures the Department employs, if any, to insure that officers are conforming to established procedures and laws.

It is clear that the Defendant City of Pullman understood the nature of the requests because of its responses. For example, in reply to Interrogatory No. 6 it states that "citations are reviewed by the Whitman County Prosecuting Attorney for this issue." And, in response to Interrogatory No. 7 the reply states that "members of the public who believed that they have been subjected to excessive force may file a complaint with the police department." Nevertheless, the Defendant does not directly answer any of the four questions. The questions were not who else reviews Pullman's police officers' actions, or who may complain about them, but how does the Department review them. These questions were not answered.

DATED this 13th day of March, 2006.

/s/Steve Martonick_____
Steve Martonick  WSBA# 32213
Snyder & Martonick Law Offices, P.S.
155 S.E. Kamiaken
Pullman, WA 99163
509 334-4808

CERTIFICATION OF SERVICE

I hereby certify that on March 13th, 2006, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of filing to the following: Stewart Estes.

___/s/  Steve Martonick_____
Steve Martonick  WSBA# 32213

Snyder & Martonick
Law Offices, P.S.
155 SE Kamiaken
Pullman, WA 99163
509 334-4808