UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KYLE STIFFARM,

                    Plaintiff,

          v.

CITY OF PULLMAN POLICE DEPARTMENT
and ANDREW WILSON,

                    Defendants.

NO. CV-04-0414-EFS

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT
WILSON'S MOTION FOR
RECONSIDERATION**

Before the Court, without oral argument, is Defendant Andrew
Wilson's Motion for Reconsideration (Ct. Rec. 120).  In his motion,
Defendant Wilson moves the Court to reconsider three rulings rendered in
the Court's August 8, 2006, Order Granting in Part and Denying in Part
Defendant Andrew Wilson's Motion for Summary Judgment Re: Qualified
Immunity ("Qualified Immunity Motion") (Ct. Rec. 115).  Specifically,
Defendant Wilson moves the Court to reconsider its denial of qualified
immunity to Defendant Wilson on Plaintiff's (1) Sixth Amendment claim,
(2) Fourth Amendment unlawful arrest claim, and (3) Fourth Amendment
excessive use of force (delayed flushing) claim.  In his Motion for
Reconsideration, Defendant Wilson raises no new arguments, but instead
simply asks the Court to reconsider its rulings on the three above-listed
claims in light of the arguments offered in the parties' original

ORDER ~ 1

1 Qualified Immunity Motion briefing.  After reviewing the materials filed

2 in connection with Defendant Wilson's Qualified Immunity Motion and

3 relevant authority for a second time, the Court is fully informed and

4 hereby grants in part and denies in part Defendant Wilson's Motion for

5 Reconsideration by granting qualified immunity to Defendant Wilson on

6 Plaintiff's Sixth Amendment claim and upholding the Court's prior denial

7 of qualified immunity on the other two claims.

## I. Sixth Amendment Claim

9        The Sixth Amendment states in part: "In all criminal prosecutions,

10 the accused shall enjoy the right . . . to be informed of the nature and

11 cause of the accusations." U.S. Const. amend VI.  "Charging documents are

12 tested by whether they sufficiently apprise[ ] the defendant of what he

13 must be prepared to meet." *United States v. Rojo*, 727 F.2d 1415, 1418

14 (1983) (citing *Russell v. United States*, 369 U.S. 749, 763 (1962)

15 (citations omitted)) (internal quotations omitted).  In *Hamling v. United*

16 *States*, the Supreme Court stated:

17        Our prior cases indicate that an indictment is sufficient if
         it, first, contains the elements of the offense charged and
18       fairly informs a defendant of the charge against which he must
         defend, and, second, enables him to plead an acquittal or
19       conviction in bar of future prosecutions for the same offense.
         It is generally sufficient that an indictment set forth the
20       offense in the words of the statute itself, as long as those
         words of themselves fully, directly, and expressly, without any
21       uncertainty or ambiguity, set forth all the elements necessary
         to constitute the offence intended to be punished.  Undoubtedly
22       the language of the statute may be used in the general
         description of an offence, but it must be accompanied with such
23       a statement of the facts and circumstances as will inform the
         accused of the specific offence, coming under the general
24       description, with which he is charged.

25 418 U.S. 87, 117 (1974) (internal citations and quotations omitted).

26

ORDER ~ 2

1    In *Rojo*, the Ninth Circuit concluded a federal citation, which

2 served as the charging document in the *Rojo* defendant's case and only

3 referred to the statutory code for the offense charged, i.e. "Title 18,

4 Section 641," was constitutionally defective under the Sixth Amendment.

5 727 F.2d at 1418.    In reaching this conclusion, the Ninth Circuit

6 emphasized the citation's failure to (1) recite any act allegedly

7 committed by the *Rojo* defendant or (2) include any facts, such as the

8 date, time, or location of the allegedly offensive conduct. *Id.*    In

9 addition, the Ninth Circuit believed it was noteworthy that the text of

10 18 U.S.C. § 641, the statute under which the citation was issued, "sets

11 out several possible violations" and the citation did not indicate which

12 particular violation the *Rojo* defendant was being charged with. *Id.*

13 Based on these factors, the Ninth Circuit rejected the Government's

14 argument that the *Rojo* defendant "knew the nature and cause of the

15 accusation" contained in the citation "because he could look up 18 U.S.C.

16 § 641" and concluded the citation violated the Sixth Amendment. *Id.*

17    In light of the Ninth Circuit's broad discussion of the *Rojo*

18 citation's various deficiencies, rather than focusing on the simple fact

19 that the citation did not list the statutory elements of the offense

20 being charged, this Court concludes that charging documents are not *per*

21 *se* defective under the Sixth Amendment simply because they do not recite

22 the elements of the offense charged.    Although the Supreme Court has

23 explained that an charging document is sufficient under the Sixth

24 Amendment if it (1) contains the elements of the offense charged, (2)

25 fairly informs a defendant of the charge against which he must defend,

26 and (3) enables the defendant to plead an acquittal or conviction in bar

ORDER ~ 3

1  of future prosecutions for the same offense, this does not mean a

2  charging document is necessarily defective under the Sixth Amendment if

3  it does not contain the elements of the offense charged. *See generally*

4  *Hamling*, 418 U.S. at 117.   No federal case cited by Plaintiff, nor

5  located by the Court, holds that a charging document *must* list each

6  element of the offense charged.   Instead, the only apparent requirement

7  for satisfying the Sixth Amendment in this regard is that the charging

8  document's language must "sufficiently apprise[ ] the defendant of what

9  he must be prepared to meet." *Russell*, 369 U.S. at 763.   If the charging

10 document meets this requirement without including the elements of the

11 offense, the defendant's Sixth Amendment right to be informed of the

12 nature and cause of the accusations charged against him is met. *See*

13 *generally Rojo*, 727 F.2d at 1418.

14    In this case, the Court finds the underlying citation issued by

15 Defendant Wilson sufficiently apprised Plaintiff of what he must be

16 prepared to meet in his criminal prosecution.   Unlike the citation in

17 *Rojo*, Plaintiff's citation included more than just the statutory code for

18 the charged offenses.   Plaintiff's citation informed Plaintiff that he

19 was being charged with "Resisting Arrest" and "Obstructing an Officer."

20 Furthermore, the statutory codes listed in the citations, i.e. R.C.W. §§

21 9A.76.020 and 9A.76.040, only set forth one possible offense for each

22 violation charged, unlike the *Rojo* citation, in which the defendant's

23 unspecified violation could have been one of several possible offenses

24 proscribed by 18 U.S.C. § 641.   Furthermore, Plaintiff's citation, unlike

25 the Rojo citation, listed the time, date, and location of the allegedly

26 offensive conduct, which further supports a conclusion that the citation

ORDER ~ 4

1 apprised Plaintiff of the cause of the charges being brought by Defendant

2 Wilson.    Finally,   because   Plaintiff   ultimately   achieved   favorable

3 outcomes on both charges listed in the citation by way of a voluntary

4 dismissal and outright acquittal after a bench trial, the Court believes

5 it would be unreasonable to conclude the citations did not sufficiently

6 apprise Defendant "of what he must be prepared to meet."   Instead, the

7 nature of Plaintiff's favorable outcomes, especially his acquittal on the

8 "Obstructing   an   Officer"   charge,   lend   significant   credence   to   the

9 conclusion that Plaintiff knew the nature and cause of the offenses

10 charged in his citation as evidenced by his ability to mount a winning

11 defense on both charges.

12      Because the Court finds Plaintiff's citation sufficiently apprised

13 Plaintiff   of   what   he   had   to   be   prepared   to   meet   in   his   criminal

14 prosecution, the Court concludes Plaintiff's Sixth Amendment rights were

15 not violated by Defendant Wilson's failure to list the elements of the

16 offenses   being   charged   on   the   citation.    Because   the   Court   finds

17 Plaintiff's Sixth Amendment rights were not violated, Defendant Wilson,

18 despite   the   Court's   prior   ruling,   is   in   fact   entitled   to   qualified

19 immunity on Plaintiff's Sixth Amendment claim. *See Saucier v. Katz*, 533

20 U.S. 194, 201 (2001).   For these reasons, the Court supplants its August

21 8, 2006, qualified immunity ruling with the ruling and explanation

22 provided   above.    Accordingly,   Defendant   Wilson   is   granted   qualified

23 immunity on Plaintiff's Sixth Amendment claim.

24                **II. Fourth Amendment Unlawful Arrest Claim**

25      The Court denies Defendant Wilson's Motion for Reconsideration to

26 the   extent   it   reasserts   Defendant   Wilson   is   entitled   to   qualified

ORDER ~ 5

1 | immunity on Plaintiff's Fourth Amendment unlawful arrest claim because
2 | Defendant Wilson had "arguable probable cause" to arrest Plaintiff.  When
3 | the facts alleged in the parties' supporting materials are considered in
4 | the light most favorable to the Plaintiff, the Court finds no reasonable
5 | officer in Defendant Wilson's position, even if the "dust had not
6 | settled," would have reasonably, but mistakenly, concluded probable cause
7 | existed to arrest Plaintiff.  For this reason, Defendant Wilson is not
8 | entitled to qualified immunity under his proffered "arguable probable
9 | cause" theory and this portion of Plaintiff's Motion for Reconsideration
10 | is denied.

11 | **III. Forth Amendment Excessive Use of Force (Delayed Flushing) Claim**

12 | After reviewing the parties' arguments concerning whether Defendant
13 | Wilson is entitled to qualified immunity on Plaintiff's Fourth Amendment
14 | excessive use of force claim for delaying efforts to flush pepper spray
15 | from Plaintiff's eyes, the Court reaffirms the position taken in the
16 | August 8, 2006, Order.  Defendant Wilson is not entitled to qualified
17 | immunity on this claim.  For this reason, this portion of Defendant
18 | Wilson's Motion for Reconsideration is denied.

19 | Accordingly, **IT IS HEREBY ORDERED:** Defendant Wilson's Motion for
20 | Reconsideration **(Ct. Rec. 120)** is **GRANTED IN PART** (qualified immunity
21 | granted on Plaintiff's Sixth Amendment claim) and **DENIED IN PART**
22 | (qualified immunity denied on Plaintiff's Fourth Amendment unlawful
23 | arrest and Fourth Amendment excessive use of force (delayed flushing)
24 | claims).

25 | ///

26 | ///

ORDER ~ 6

1      **IT IS SO ORDERED.**   The District Court Executive is directed to enter

2  this Order and provide a copy to counsel.

3      **DATED** this ___24th___ day of August 2006.

4

5                        s/ Edward F. Shea
                          EDWARD F. SHEA
6                 United States District Judge

7
Q:\Civil\2004\0414.reconsideration.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 7