UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| KYLE STIFFARM, | NO. CV-04-0414-EFS |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANT CITY OF PULLMAN'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF PULLMAN POLICE DEPARTMENT and ANDREW WILSON, | |
| Defendants. | |

On March 6, 2007, the Court held a hearing in the above-captioned matter. Before the Court, were Defendants' Motions *in Limine* (Ct. Rec. 99) and Plaintiff's Motion *in Limine* (Ct. Rec. 101), which were ruled on in a previous Order. The Court also sought clarification from the parties regarding Defendant City of Pullman's (the "City's") pending Motion for Summary Judgment (Ct. Rec. 84). Steve Martonick appeared telephonically on behalf of Plaintiff Kyle Stiffarm and Stewart Estes appeared telephonically on behalf of Defendants City and Andrew Wilson. After reviewing the submitted materials and relevant authority, the Court is fully informed on the issues raised in the motion. For the reasons discussed below, the Court hereby grants in part, denies in part, and holds in abeyance in part Defendant City's Motion for Summary Judgment.

ORDER ~ 1

# I. Background[1]

Plaintiff brings this case under provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and under Washington common law, alleging police misconduct resulting from his arrest on September 8, 2002 (Ct. Rec. 1).  Defendant City of Pullman Police Department seeks summary judgment arguing that Plaintiff has not established a case for municipal liability under 42 U.S.C. § 1983 or under Washington common law.

Specifically, Defendant City argues that no policy of the City led to Plaintiff's injury, and that the City has a comprehensive policy on hiring, training, and disciplining its officers and adequate limitations on the use of force.  The City argues further that none of the City's actions bear the requisite causation or culpability for a court to find the City liable under 42 U.S.C. § 1983.  The City also urges the Court to dismiss the state law claims against it for the reasons set forth in Defendant Wilson's Motion for Summary Judgment, and the City argues that the Police Department is not an appropriate entity for suit.

In response to the City's argument that no policy of the City led to Plaintiff's injuries, Plaintiff seeks to demonstrate liability on the part of the City under two theories.  First, Plaintiff argues that the City's policy regarding the use of force subjects the City to liability, citing to a line in the policy stating, "OC spray is considered the same level of force as escorting someone."  (Ct. Rec. 87 at 11.)  Second, Plaintiff argues that the City ratified the conduct of Defendant Wilson

---

[1]The Court provided a detailed background of the facts of the case in Court Record 115.  The background section of that Order is incorporated here by reference.

ORDER ~ 2

based on the City's failure to investigate a complaint filed by Troy Guildford.  With respect to theories of liability based on the City's hiring and training of Defendant Wilson, Plaintiff requests that the Court delay consideration under Federal Rule of Civil Procedure 56(f), until Plaintiff has had an opportunity to depose Defendant Wilson.

In response to the City's request for dismissal of the state law claims, Plaintiff opposes dismissal for the same reasons set forth in Plaintiff's response to Defendant Wilson's Motion for Summary Judgment. In response to the City's claim that the police department lacks capacity to be sued, Plaintiff argues that the City has no factual or legal support for the claim, and alternatively, if the Court agrees with the City, Plaintiff asks the Court to find the words "Police Department" to be mere surplusage and to construe the action as a complaint against the City.

In the Court's Order ruling on Defendant Wilson's Motion for Summary Judgment, the Court found that an issue of material fact existed as to whether Defendant Wilson had probable cause to arrest and detain Plaintiff (Ct. Rec. 115).  On that basis, the Court denied Defendant Wilson's motion as to his defense of qualified immunity regarding Plaintiff's Fourth Amendment unlawful arrest claim.  Based on the same reasoning, the Court denied Defendant Wilson's motion with regard to the state law claims for false arrest and false imprisonment.  *Id.* at 30. The Court granted Defendant Wilson's motion for summary judgment on Plaintiff's claim of malicious prosecution, finding no evidence to support such a claim.  *Id.* at 30-32.  The Court also granted Defendant Wilson's motion for summary judgment on Plaintiff's claim of Unnecessary

1  Violence/Battery, finding that the statute of limitations had run on

2  Plaintiff's battery claim.  *Id.* at 32.  For the reasons articulated in

3  the Court's Order ruling on Defendant Wilson's motion for summary

4  judgment, the Court grants the City's motion on Plaintiff's claims for

5  malicious prosecution and battery and denies the motion on Plaintiff's

6  claims for false arrest and false imprisonment.  Therefore, the issues

7  remaining for the Court to address at this time are the City's arguments

8  based on Plaintiff's 42 U.S.C. § 1983 claims and the City's claim that

9  the police department lacks capacity to be sued.  Those issues are

10 addressed below.

11                    **II. Summary Judgment Standard**

12      Summary judgment is appropriate where the documentary evidence

13 produced by the parties permits only one conclusion.  *Anderson v.*

14 *Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).  The party seeking

15 summary judgment must demonstrate there is an absence of disputed issues

16 of material fact to be entitled to judgment as a matter of law.  FED. R.

17 CIV. PROC. 56(c).   In other words, the moving party has the burden of

18 showing no reasonable trier of fact could find other than for the moving

19 party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).   "A

20 material issue of fact is one that affects the outcome of the litigation

21 and requires a trial to resolve the parties' differing versions of the

22 truth."  *Lynn v. Sheet Metal Worker's Intern. Ass'n*, 804 F.2d 1472, 1483

23 (9th Cir. 1986) (quoting *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d

24 1301, 1306 (9th Cir. 1982)).   The court is to view the facts and draw

25 inferences in the manner most favorable to the non-moving party.

26

ORDER ~ 4

1  *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213
2  (9th Cir. 1999).

3      A burden is also on the party opposing summary judgment to provide
4  sufficient evidence supporting his claims to establish a genuine issue
5  of material fact for trial. *Anderson*, 477 U.S. at 252; *Chaffin*, 186
6  F.3d at 1213. "[A] mere 'scintilla' of evidence will be insufficient to
7  defeat a properly supported motion for summary judgment; instead, the
8  nonmoving party must introduce some 'significant probative evidence
9  tending to support the complaint.'" *Fazio v. City & County of San*
10  *Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477
11  U.S. at 249, 252).

## III. Analysis

13  A. Plaintiff's Claim of Municipal Liability Based on City Policy

14      A plaintiff seeking to impose liability against a municipality
15  under 42 U.S.C. § 1983 must "identify a municipal 'policy' or 'custom'
16  that caused the plaintiff's injury." *Board of County Commissioners of*
17  *Bryan County, OK v. Brown,* 520 U.S. 397, 403 (1997). Here, Plaintiff
18  seeks to demonstrate liability on the part of the City on the basis of
19  the City's policy regarding the use of force and on the basis that the
20  city ratified the conduct of Defendant Wilson because of the city's
21  failure to investigate a complaint filed by Troy Guildford.

22      In *Haugen v. Brosseau*, a plaintiff sought recovery from a
23  municipality under 42 U.S.C. § 1983, based on a ratification theory, for
24  failure of the municipality to discipline an officer when the officer
25  shot a fleeing suspect. 351 F.3d 372, 393 (9th Cir. 2003) (holding that
26  "there are no facts in the record to suggest that the single failure to

ORDER ~ 5

discipline Haugen rises to the level of such a ratification.").  In the instant case, the single failure of the City of Pullman to discipline officer Wilson for his conduct does not rise to the level of a ratification of his actions sufficient to give rise to municipal liability under 42 U.S.C. § 1983.  Therefore, the City's request to dismiss Plaintiff's claim based on a theory of ratification is granted.

The remaining issue under 42 U.S.C. § 1983 is whether the City of Pullman's Police Department Policies and Procedures Manual, which states: "OC spray is considered the same level of force as escorting someone," (Ct. Rec. 87 at 11) can give rise to municipal liability.

Here, Plaintiff has identified a specific policy.  However, the City argues that Plaintiff has not demonstrated that the policy Plaintiff cites to was the cause of Plaintiff's injuries.  Local government entities can be sued under 42 U.S.C. § 1983 "where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" *Anderson v. Warner,* 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York City,* 436 U.S. 658, 690 (1978)).  Defendant City does not dispute that the Police Department Policies and Procedures Manual is a policy statement officially adopted and promulgated by that body's officers.  Defendant also does not argue, at this time, that Defendant Wilson's actions were constitutional.  Therefore, the question before the Court is whether the alleged actions implemented or executed the policy at issue.

More specifically, the policy must be the "moving force behind the constitutional violation."  *Mabe v. San Bernardino County, Dept. of*

ORDER ~ 6

1    *Public and Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001). In support

2    of Plaintiff's contention regarding the importance of the policy in

3    connection with Officer Wilson's actions, Plaintiff cites to the

4    deposition of D. P. Van Blaricom, Plaintiff's expert, wherein he states:

> 5       if you train your officers or your policy is that it's the same
>         as taking somebody by the arm and escorting him, you're going
> 6       to condone the use of excessive force because the officers are
>         going to think they can spray anybody that they can take their
> 7       arm and escort them. I've never seen such a policy, . . .

8    (Ct. Rec. 90 at 5-6.) Plaintiff contends that based on Plaintiff's

9    expert testimony and the facts of this case, a reasonable jury could

10   conclude that the city has an official policy that led to Plaintiff's

11   constitutional deprivations (Ct. Rec. 89 at 8).

12       In response, Defendant cites to an order issued in *Logan v. City of*

13   *Pullman Police Dept. et al.,* No. CS 04-0214-FVS, a case in which

14   plaintiffs brought a complaint against the Pullman Police Department and

15   Mr. Van Blaricom gave expert testimony on behalf of the plaintiffs. In

16   *Logan*, the court reviewed the testimony of Mr. Van Blaricom in which he

17   stated, "training and supervising officers to use OC spray at the same

18   level of force as escorting someone would amount to de facto

19   encouragement and approval of the use of excessive force, [and] made this

20   or a similar incident both foreseeable and inevitable." (Ct. Rec. 94 at

21   26). However, the *Logan* court noted that Mr. Van Blaricom had not set

22   forth any specific evidence or analysis to support his opinion. *Id.* at

23   27. Based on this review, the Court found that the plaintiffs had "not

24   submitted sufficient evidence showing a genuine issue of material fact

25   with respect to whether the policy statement that equates the use of O.C.

26

ORDER ~ 7

1  spray with escorting someone was the 'moving force' behind the
2  Plaintiffs' constitutional deprivations." (Ct. Rec. 94 at 28.)

3      However, here, the Court finds that the City has not argued any
4  facts that would give the Court a basis to question the testimony of
5  Plaintiff's expert. Therefore, the Court finds that Plaintiff has raised
6  an issue of material fact as to whether the City's policy was the "moving
7  force" behind Plaintiff's claimed constitutional deprivation. Thus, the
8  testimony of Plaintiff's expert establishes an issue of material fact as
9  to whether the City's policy caused Plaintiff's injury. Accordingly, the
10 City's Motion for Summary Judgment is denied with respect to the City
11 policy.

12 B. Plaintiff's Rule 56(f) Request

13     Plaintiff requests the Court delay consideration of issues relating
14 to the City's liability based on hiring and training due to an agreement
15 between the parties that Defendant Wilson would not be deposed until
16 after the Court's ruling on Defendant Wilson's Motion for Summary
17 Judgment. The City objects to Plaintiff's Rule 56(f) request arguing
18 that Plaintiff's request does not satisfy the requirements of Rule 56(f).
19 Specifically, the City argues that Plaintiff has not set forth in an
20 affidavit the facts he hopes to elicit from Defendant Wilson's
21 deposition, Plaintiff has failed to show that the information he seeks
22 actually exists, and Plaintiff has failed to show that such information
23 is essential to resist the City's Motion for Summary Judgment. *See State*
24 *of Cal. on Behalf of California Dept. of Toxic Substances Control v.*
25 *Campbell,* 138 F.3d 772, 779 (9th Cir. 1998).

26

ORDER ~ 8

Under rule 56(f), "a district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *Id.* Here, Plaintiff notes that Plaintiff had moved to compel Defendant Wilson's job performance reviews and evaluations (Ct. Rec. 58) and Plaintiff agreed not to depose Defendant Wilson until the Court ruled on Defendant Wilson's Motion for Summary Judgment. Subsequent to Plaintiff's reply, the Court granted Plaintiff's Motion to Compel with respect to Defendant Wilson's job performance reviews and evaluations (Ct. Rec. 102).

The Court grants Plaintiff's request to delay consideration of Plaintiff's hiring and training claims. Given the Court's rulings on Defendant Wilson's Motion for Summary Judgment in August of 2006, the Court assumes that Defendant Wilson's deposition has been taken and discovery has been completed. Therefore, the Court directs Plaintiff to respond to the City's motion with respect to the City's liability based on hiring and training deficiencies within twenty-one days of the date of this Order. Defendant City shall file a reply to Plaintiff's response no later than five business days after Plaintiff's response has been filed.

C. The Police Department Capacity to be Sued

The Ninth Circuit has determined that state law controls the issue of whether a police department may be sued as a separate entity apart from a city: "[u]nder rule 17(b) of the Federal Rules of Civil Procedure, the Police Department's capacity to be sued in federal court is to be determined by the law of California." *Streit v. County of Los Angeles,*

1  236 F.3d 552, 565 (9th Cir. 2001) (quoting *Shaw v. State of California*
2  *Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 604 (9th Cir. 1986)).

3      While neither party identified case law in Washington State directly
4  on the issue of the capacity of a police department to be sued, in
5  *Culpepper v. Snohomish County Dept. of Planning and Community*
6  *Development,* 59 Wash. App. 166 (1990), Division 1 of the Court of Appeals
7  of Washington found the Snohomish County Department of Planning and
8  Community Development not to be an appropriate entity for suit separate
9  and apart from the County.  59 Wash. App. at 169.  However, in the same
10  case, the Court ruled that the plaintiff's failure to name the county was
11  excusable neglect, that the county was not prejudiced by the plaintiff's
12  error, and that the trial court erred in denying the plaintiff's motion
13  to amend the complaint to add the city.  *Id.* at 174.

14      At the March 6, 2007, hearing, the Court noted that it had found the
15  police department not to be an appropriate entity for suit, but noted
16  further that no motion to amend the complaint had been filed.  At that
17  time, Plaintiff orally moved the Court for permission to amend the
18  complaint in order to identify the City rather than the police department
19  as the proper defendant.  Defendant City objected to Plaintiff's oral
20  motion.   The Court directed Defendant City to file a memorandum
21  articulating Defendant's objections to Plaintiff's motion.

22      After reviewing Defendant City's objections to Plaintiff's oral
23  motion to amend, the Court grants Plaintiff's motion to amend.  Federal
24  Rule of Civil Procedure 15(a) holds that once a responsive pleading has
25  been filed "a party may amend the party's pleading only by leave of court
26  or by written consent of the adverse party; and leave shall be freely

ORDER ~ 10

given when justice so requires." As in *Culpepper*, here the City has received actual notice of the suit and the City's attorney has appeared to defend the City. Because Defendant City has not established any prejudice that resulted from Plaintiff's failure to correctly identify the City rather than the police department as the proper defendant, justice requires the Court to permit Plaintiff to amend the complaint. Subsequent pleadings shall address the City rather than the police department as the appropriate defendant.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant City's Motion for Summary Judgment **(Ct. Rec. 84)** is **GRANTED IN PART** (Plaintiff's state law claims regarding malicious prosecution and battery are dismissed, Pullman Police Department found not have capacity to be sued) **DENIED IN PART** (City's request for dismissal of 42 U.S.C. § 1983 claim based on City policy, state law claims based on false arrest and false imprisonment) and **HELD IN ABEYANCE IN PART** (Plaintiff's claims under 42 U.S.C. § 1983 based on the City's hiring and training).

2. Plaintiff's oral motion to amend the complaint is **GRANTED.**

3. Plaintiff is directed to respond to Defendant City's Motion for Summary Judgment with regard to hiring and training claims within twenty-one days of the date of this Order. The City shall have five business days to reply to Plaintiff's response.

4. The case caption is hereby amended to read "City of Pullman" rather than "City of Pullman Police Department."

///

///

ORDER ~ 11

1      **IT IS SO ORDERED.**   The District Court Executive is directed to

2  enter this Order and to provide copies to counsel.

3      **DATED** this_20th__ day of March 2007.

4

5                          ____S/ Edward F. Shea_____
                                EDWARD F. SHEA
6                      United States District Judge

7
Q:\Civil\2004\0414.MSJ2.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 12